

J. THOMAS BECKETT (5587)
DIANNA M. GIBSON (7533)
PARSONS BEHLE & LATIMER
Attorneys for Freightliner
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT  84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC.; DICK SIMON TRUCKING, INC.; AND SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Case No. 02-22906<br>Bankruptcy Case No. 02-22907<br>Bankruptcy Case No. 02-24874<br>(Jointly Administered) |
| FREIGHTLINER LLC AND FREIGHTLINER MARKET DEVELOPMENT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND JOHN DOES 1-1442.<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT<br><br>Judge Glen E. Clark<br>03 P-2250 GEC<br>Adv. No. _____ |

536191.1



0302250D1

Freightliner LLC (f/k/a/ Freightliner Corporation) and Freightliner Market Development Corporation (together, "Freightliner") allege as their Complaint for Declaratory Relief against the Official Committee of Unsecured Creditors in the above-captioned bankruptcy case (the "Committee") and John Does 1-1442 (the "John Doe Defendants") as follows:

## PARTIES AND JURISDICTION

1.  Freightliner is a Delaware corporation having its principal place of business in Portland, Oregon.

2.  The Committee is the official committee of unsecured creditors in the above-captioned bankruptcy case.

3.  The John Doe Defendants are entities whose identities are presently unknown. Their role in this action is described below.

4.  This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201, for the purpose of determining a question of actual controversy between the parties.

5.  This is a core proceeding as defined by 28 U.S.C. § 157 and arises under Title 11 of the United States Code and relates to the above-captioned Chapter 11 bankruptcy case.

6. Jurisdiction and venue in this Court are proper pursuant to Title, 28, United States Code, §§ 1334 and 1409, as well as Title 11, United States Code, § 365.

## GENERAL ALLEGATIONS

7. Freightliner and Dick Simon Trucking ("Simon"), one of the debtors in this bankruptcy case, are party to four Conditional Commitment to Repurchase Agreements (the "Trade-backs").

8. Pursuant to the Trade-backs, Freightliner granted Simon a conditional option to return some or all of the trucks identified in each of the Trade-backs, for a specified price, to Freightliner in connection with Simon's purchase of new trucks from Freightliner.

9. Pursuant to this Court's April 25, 2003 Order Denying Motion to Reconsider (the "Order"), the Committee is authorized to conduct an auction (the "Auction") at which the Trade-backs will be sold to the highest bidder(s).

10. The Order has been timely appealed.

11. Pursuant to its Notice of Auction of Trade-back Agreements (the "Notice"), the Committee proposes to auction the Trade-backs on Friday, June 20, 2003.

12. Also pursuant to the Notice, the Committee proposes to accept bids "for ... (b) all rights under a particular [Trade-back], or (c) all rights with respect to a particular vehicle(s)." Notice, paragraph 1, sub-paragraphs (b) and (c).

3

536191.1

13. Freightliner has taken the position, on the record in this case, that the Committee cannot auction the Trade-backs in the manner contemplated by sub-paragraph 1(c) of the Notice. Consistently, it has been Freightliner's position that the Trade-backs cannot be assigned in any circumstances. However, if and when the Order is final and non-appealable and provides that the Trade-backs can be assigned, it has consistently been Freightliner's position that the Trade-backs can *only* be assigned as contemplated by sub-paragraph 1(b) of the Notice. If the Trade-backs are assignable, they can only be assigned by Trade-back, not by vehicle.

14. The Committee has failed to notify potential third party bidders at the Auction of Freightliner's position, in the Notice or otherwise.

15. The parties to the Trade-backs did not intend that the Trade-backs could ever be assigned as contemplated by sub-paragraph 1(c) of the Notice.

16. Indeed, the parties to the Trade-backs intended that the Trade-backs could *never* be assigned as contemplated by sub-paragraph 1(c) of the Notice.

17. The Trade-backs do not provide expressly for any assignment as contemplated by sub-paragraph 1(c) of the Notice. Indeed, the Trade-backs provide expressly that they *cannot* be assigned as contemplated by sub-paragraph 1(c) of the Notice. Furthermore, the Trade-backs also provide expressly that any partial exercise of the option with respect to fewer than all of the trucks identified in any particular Trade-

4

536191.1

back will immediately extinguish the option with respect to the rest of the identified trucks.

18. Neither the course of performance of the parties to the Trade-backs, nor the custom and practice in the relevant industry, supports the notion that the Trade-backs can be assigned as contemplated by sub-paragraph 1(c) of the Notice.

19. In these circumstances, neither bankruptcy law nor applicable non-bankruptcy law will require Freightliner to recognize a sale of the Trade-backs in the manner contemplated by sub-paragraph 1(c) of the Notice. Indeed, the evidence will show that Freightliner has *no* legal obligation to recognize any such sale or assignment.

20. At the Auction, one or more of the John Doe Defendants may purport to purchase Trade-back rights pursuant to sub-paragraph 1(c) of the Notice.

21. By this action, Freightliner seeks a declaratory judgment that any such purported purchase is *void ab initio.*

## CLAIM FOR RELIEF

(Declaratory Relief)

22. Freightliner incorporates by reference paragraphs 1 through 21 of this Complaint.

23. There is an actual and justiciable controversy between Freightliner and the defendants regarding Freightliner's legal obligation to recognize any assignment of a

5

536191.1

Trade-back right to any John Doe Defendant pursuant to sub-paragraph 1(c) of the Notice, resulting from an illegal bid made pursuant to the Notice, which is faulty.

### PRAYER FOR RELIEF

**WHEREFORE,** Freightliner seeks the entry of an order and judgment of this Court declaring *void ab initio* any purported sale of a Trade-back right at the Auction pursuant to paragraph 1(c) of the Notice, and granting Freightliner such other and further relief as is just and reasonable in the circumstances.

DATED this 17th day of June 2003.

PARSONS BEHLE & LATIMER

_____
201 S. Main St.
Suite 1800
Salt Lake City, Utah 84111
Counsel to Freightliner

Plaintiffs' Address:

4747 N. Channel Ave.
Portland, OR 97217
Phone (503) 745-8000
Fax (503) 745-7959

6

536191.1